**FILED**

AUG 20 2007



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SANDRA B. TOODLE, | ) | CASE NO. 1:07 CV 2072 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| JEAN ALBRITTON CENTER, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On July 11, 2007, plaintiff pro se Sandra B. Toodle filed this in forma pauperis action against the Jean Albritton Center, Geraldine Turner, Matholomew Hospital, President Bush, and Atmore State Penitentiary. The complaint alleges plaintiff has family members who are being held in United States prisons who have been denied due process. These family members have allegedly been "trafficked from one prison to another to make Porno-movies." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ..." Denton v. Hernandez, 504 U.S. 25 (1992). Even liberally construed, the complaint does not set forth allegations reasonably suggesting plaintiff might have a valid federal claim.

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).